106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dean C. DAUW, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2284.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 In August 1989, Dean C. Dauw, a psychologist and professor at DePaul University, was charged in a two-count information with defrauding and obtaining money by false and fraudulent pretenses in violation of 18 U.S.C. § 1341. According to the information, Dauw fraudulently obtained more than $100,000 by submission of false insurance claims for psychological services not in fact rendered. Dauw waived indictment and pleaded guilty to both counts of the information. In November 1989, he was sentenced to twenty-four months' imprisonment on count one and a consecutive five-year term of probation on count two. Dauw did not file a direct appeal. In June 1993, Dauw petitioned for habeas corpus relief under 28 U.S.C. § 2255. The district court denied the petition, and this court affirmed in an unpublished order. Dauw v. United States, No. 93-3182, (7th Cir. Jan. 18, 1995), cert. denied, 115 S.Ct. 1966 (1995).
 
 
 2
 In April 1995, Dauw filed a pro se pleading entitled "Newly Discovered Evidence," seeking to overturn his conviction based on a challenge to the constitutionality of Federal Rule of Criminal Procedure 7(b),[1] which provides for waiver of indictment. Although Dauw failed to cite any statute or rule by which he sought relief, the district court treated his pleading as a motion to vacate his sentence. 28 U.S.C. § 2255.[2] The court denied the motion. The court found that "we have no reason to question the validity of [Fed.R.Crim.P. 7(b) ]. And we are given no basis for concluding that proper procedures were not followed six years ago." Dauw appealed.[3]
 
 
 3
 We affirm on different grounds. A voluntary plea of guilty "waives all non-jurisdictional defenses including constitutional violations not logically inconsistent with the valid establishment of factual guilt." United States v. Nash, 29 F.3d 1195, 1201. Because Dauw waived his Rule 7(b) argument by pleading guilty, he may only attack the voluntariness of that plea; his failure to do so means he is not entitled to collateral relief. United States v. Broce, 488 U.S. 563, 574 (1989).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Rule 7(b) provides that a defendant may be prosecuted by information if "after having been advised of the nature of the charge and of the rights of the defendant, [he] waives in open court prosecution by indictment."
 
 
 [2]
 Although Dauw is no longer on probation, he may still appeal the district court's denial of his § 2255 motion as long as he brought the action while in the "custody" of probation authorities. Mabry v. Johnson, 467 U.S. 504, 507 n. 3 (1984); Borre v. United States, 940 F.2d 215, 217 n. 2 (7th Cir.1991). Dauw was in fact serving probation at the time he filed his "Newly Discovered Evidence" pleading in the district court
 
 
 [3]
 The government contends that we lack jurisdiction to consider this appeal because Dauw "failed to file his notice of appeal within ten days of the date of the district court's order." However, because we construe Dauw's motion to be a § 2255 motion (in a civil proceeding against the United States government), he has sixty days in which to appeal this adverse decision. See Fed.R.App.P. 4(a)(1)